1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN SMALLS,

11              Petitioner,              No. CIV-S-10-1526 CKD P

12        vs.

13   JAMES YATES,                        ORDER AND

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner is a California prisoner proceeding pro se with an application for writ of

17   habeas corpus under 28 U.S.C. § 2254.  In 2007, petitioner was convicted in the Superior Court

18   of Sacramento County for committing vehicle theft.  Pursuant to California's "three strikes law,"

19   petitioner was sentenced to twenty-seven-years-to-life in prison.  Petitioner asserts his conviction

20   should be overturned because he was denied effective assistance of counsel as guaranteed under

21   the Sixth Amendment.

22             An application for a writ of habeas corpus by a person in custody under a

23   judgment of a state court can be granted only for violations of the Constitution or laws of the

24   United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any

25   claim decided on the merits in state court proceedings unless the state court's adjudication of the

26   claim:

1

1         (1) resulted in a decision that was contrary to, or involved an
2    unreasonable application of, clearly established federal law, as
     determined by the Supreme Court of the United States; or

3         (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
4    State court proceeding.

5    28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[1]  It is the habeas petitioner's burden to

6    show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537

7    U.S. 19, 25 (2002).

8         The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

9    different.  As the Supreme Court has explained:

10        A federal habeas court may issue the writ under the "contrary to"
     clause if the state court applies a rule different from the governing
11   law set forth in our cases, or if it decides a case differently than we
     have done on a set of materially indistinguishable facts.  The court
12   may grant relief under the "unreasonable application" clause if the
     state court correctly identifies the governing legal principle from
13   our decisions but unreasonably applies it to the facts of the
     particular case.  The focus of the latter inquiry is on whether the
14   state court's application of clearly established federal law is
     objectively unreasonable, and we stressed in Williams [v. Taylor,
15   529 U.S. 362 2000)] that an unreasonable application is different
     from an incorrect one.
16

17   Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

18   law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

19   fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8

20   (2002).

21        The court will look to the last reasoned state court decision in determining

22   whether the law applied to a particular claim by the state courts was contrary to the law set forth

23   in the cases of the United States Supreme Court or whether an unreasonable application of such

24   law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court fails

25
26      [1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not
     grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

2

1   to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional

2   or federal law, the Ninth Circuit has held that this court must perform an independent review of

3   the record to ascertain whether the state court decision was objectively unreasonable.  Himes v.

4   Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court

5   applied the correct law, and analyzes whether the decision of the state court was based on an

6   objectively unreasonable application of that law.

7           It is appropriate to look to lower federal court decisions to determine what law has

8   been "clearly established" by the Supreme Court and the reasonableness of a particular

9   application of that law.  "Clearly established" federal law is that determined by the Supreme

10  Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is

11  appropriate to look to lower federal court decisions as persuasive authority in determining what

12  law has been "clearly established" and the reasonableness of a particular application of that law.

13  Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th

14  Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo,

15  365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of

16  Supreme Court precedent is misplaced).

17          On direct appeal, the California Court of Appeal summarized the facts presented

18  at trial as follows:

19          When newspaper delivery supervisor Steve Conrad went into the
            West Sacramento Safeway around 5:00 a.m. one morning to
20          deliver papers, he left his van parked outside, with the doors closed
            but the engine running.  When he emerged from the store between
21          five and fifteen seconds later, his van was no longer parked outside
            the store; in fact, Conrad could see it turning onto Jefferson
22          Boulevard.

23          Conrad chased vainly after the van as he called police from his cell
            phone; moments later, as he was giving a report to police, he text-
24          messaged an employee that his van had been stolen.

25          Within 10 to 20 minutes, Conrad's employee (who was familiar
            with Conrad's van and its distinctive license plate) called Conrad
26

to report he was driving behind Conrad's stolen van on J street downtown.

Conrad's employee called police and continued to follow the van until police took over pursuit.

Officers initiated a traffic stop around 65th Street and 18th Avenue. Defendant, the only person in the van, was arrested.

Within 90 minutes from the time his van was stolen, Conrad had retrieved it and checked its contents.  All newspapers and cash that had been in the van when it was stolen were still there, and Conrad found nothing in the van that had not been in it when it was stolen.

Defendant testified at trial and admitted driving the van, but denied knowing it was stolen.  Rather, defendant testified he obtained it from a homeless acquaintance who owed him money, and had offered to loan him the van for an hour so he could visit the cemetery where his mother is buried.  Defendant met the acquaintance in a hotel parking lot in West Sacramento, but could not recall the name of the hotel.  Defendant testified he pulled over en route to the cemetery, grabbed flowers from a flower bed, wrapped them in a blue jacket and placed them in the van.

Officers testified no jacket or flowers were found in the van or with defendant when he was arrested.

Pet., App. A at 2-3.

Petitioner claims the manner in which his trial counsel confronted petitioner's prior convictions for burglary, vehicle theft and robbery resulted in petitioner being subjected to ineffective assistance of counsel in violation of the Sixth Amendment.  The California Court of Appeal summarized the facts directly related to this claim as follows:

The People moved in limine for permission to impeach defendant, should he testify, with . . . various prior convictions including 1986 convictions for burglary and vehicle theft, and a 1994 conviction for robbery.  The court granted the motion . . .

On direct examination, defendant admitted he was convicted of first degree burglary and of vehicle theft in 1986, and was convicted of robbery in 1994.  Before this testimony was elicited, the court instructed jurors they could consider this evidence for the limited purposed of evaluating defendant's credibility.

Id. at 3-4.

4

In order to establish ineffective assistance of counsel, petitioner must show two things.  First, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  Id.  at 690.  The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  Id.  Second, a defendant must affirmatively prove prejudice. Id. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

On the record before the court, petitioner cannot establish he was prejudiced by the actions of his trial counsel with respect to the manner in which she dealt with petitioner's prior convictions and petitioner does not make a serious attempt to argue otherwise.  As indicated above, petitioner was caught driving a stolen van in the early morning hours, shortly after the vehicle was stolen.  Standing alone, petitioner's testimony as to how he came to be in the van does not have any serious plausibility, nor is petitioner's version of the events corroborated in any way.  While presentation of petitioner's prior convictions was not beneficial to petitioner's case, it would be totally unreasonable to assume that exclusion of that evidence alone would have even possibly resulted in petitioner being found not guilty.

For these reasons, petitioner has failed to show that his right to effective assistance of counsel arising under the Sixth Amendment has been violated.[2]  Accordingly, the court will recommend that petitioner's application for writ of habeas corpus be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

---

[2] Given the clear lack of prejudice arising from counsel's actions, the court need not address the first prong of the Strickland test.  Strickland, 466 U.S. at 697.

1          IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

2    habeas corpus be denied.

3          These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5    one days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

8    may address whether a certificate of appealability should issue in the event he files an appeal of

9    the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

10   court must issue or deny a certificate of appealability when it enters a final order adverse to the

11   applicant).  Any reply to the objections shall be served and filed within fourteen days after

12   service of the objections.  The parties are advised that failure to file objections within the

13   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14   F.2d 1153 (9th Cir. 1991).

15    Dated: September 22, 2011

16

17   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21   1
     smal1526.157

22

23

24

25

26